WILLIAM L. HEERMANCE, PLAINTIFF, *v*. WILLIAM S. TAYLOR, DEFENDANT.

*Statute of Frauds — contract void under — there must be not only a delivery, but an unequivocal acceptance — what is an acceptance.*

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a dismissal of the complaint at the circuit.

This action was brought to recover the agreed price of a quantity of butter, alleged to have been sold by the plaintiff to the defendant.   The price of the butter exceeded fifty dollars, and the contract was not reduced to writing.   At the close of the evidence the court dismissed the complaint on the ground that there was no proof of the acceptance of the butter by the defendant.

The plaintiff and the defendant went into the cellar of the store, in the city of New York, where several firkins of the butter were bored into and examined by the parties, after which the defendant said he would take, at the price named (which was twenty-three cents per pound), twenty firkins out of the lot of forty from which the firkins examined had been taken, and directed them to be sent as above stated.   The firkins actually examined, and enough more to make up twenty, were taken from the lot of forty and delivered to the carman, who delivered them to the boat of the People's Line.   The People's Line delivered them to the carman in Albany, who carried them to the defendant's store.   They were received and placed in the defendant's cellar in a pile by

themselves. The defendant was still absent in the city of New York, and returned home two or three days thereafter; and on the morning following his return, having an application for the purchase of butter, took his customer down to the cellar and showed him this lot, and bored into one of the firkins, but on examination said, " This will not suit," and went to another lot of butter in the cellar, from which he made a sale, and then and within half an hour thereafter shipped the butter back to the plaintiff at New York, notifying him in substance that he should not accept it because it was not the butter he had purchased. The court at General Term said:

" It .is well settled by authority that a mere delivery is not sufficient to take the case out of the statute of frauds. The delivery, therefore, to the carman, and to the carrier, and by the carrier to the carman at Albany, and by him at the store of the defendant, do not in themselves amount to the acceptance required by law.

" In *Stone* v. *Browning*, when first before the Court of Appeals (51 N. Y., 211), it was held that ' It is not enough that the goods were *delivered* to the purchasers; they must also have *accepted* them. A delivery of property, to satisfy the requirement of the statute of frauds, must be a delivery by the vendor with the intent of vesting the right of possession in the vendee, and there must be an *actual* acceptance by the latter with the intention of taking possession *as owner.*' That case was lately again before the Court of Appeals, and a new trial was granted, although the jury had found as a question of fact that there had been an acceptance. It was held that ' it was necessary that defendant should have made the examination and pronounced the goods satisfactory, or that they should have dealt with them, or done some *unequivocal* act, showing that they intended to accept them *unconditionally as their own property*, in order to supply the place of a written contract. Performance by plaintiffs of their part of the contract was not enough. (*Stone* v. *Browning*, 51 N. Y., 211; *Caulkins* v. *Hellman*, 47 id., 449.) Evidence that the goods were as represented, and corresponded with the samples, was not material upon the question of *acceptance*. It was immaterial whether the defendant's refusal to take the goods was reasonable or not.'

" Under this authority we think the ruling of the courtl bcow was correct. The plaintiff had fully performed on his part. He had delivered the goods as directed. The goods were those which had been actually purchased, for they comprised not only the firkins examined by the defendant, but enough more out of the identical lot from .which he purchased them to make the twenty firkins directed to be sent to him. His reason for not examining them sooner after their arrival at his store was shown without dispute to have been his detention in New York; and his examination on the morning after his arrival was, for aught that appears, within a reasonable time. Nothing was shown to have been done at his store in Albany beyond the placing of the goods into his possession at his store, by actual delivery there. The facts were not disputed, and there was no question to go to the jury."

*C. W. Seymour*, for the plaintiff. *C. J. Buchanan*, for the defendant.

Opinion by DAVIS, P. J. INGALLS, concurred; BRADY, J,, not sitting.

Judgment ordered for defendant with costs.